PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARK DRAGOMIER, *et al.*, ) | |
| ) | CASE NO. 4:11-cv-862 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | JUDGE BENITA Y. PEARSON |
| LOCAL 1112 INTERNATIONAL UNION ) | |
| UNITED AUTOMOBILE AEROSPACE ) | |
| AND AGRICULTURAL IMPLEMENT ) | |
| WORKERS OF AMERICA, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Regarding ECF Nos. 59; 65; 66] |

Pending before the Court is Plaintiffs' Motion to Amend Complaint. ECF No. 59. Also pending is the Unopposed Motion to Vacate Dispositive Motion dates filed by Defendants International Union United Automobile, Aerospace and Agricultural Implement Workers of America ("International") and Local 1112 International Union United Automobile, Aerospace and Agricultural Implement Workers of America ("Local") (collectively "union"), ECF No. 65, and the Joint Motion for a status conference filed by Defendant General Motors, LLC on behalf of all parties, ECF No. 66 (*aka* "General Motors' motion")  The Court has been advised, having reviewed the record, including the proffered Amended Complaint, the parties' briefs and the applicable law.  For the reasons that follow, the Court (1) grants Plaintiffs' motion in part and denies it in part; (2) grants the unions' motion; and (3) denies General Motors' motion as moot.

(4:11-cv-862)

# I. Plaintiffs' Proffered Amendments

### A. Clarifications and New Legal Theories

Fed. R. Civ. Pro. 15(a)(2) provides that a party may amend its pleading with leave of court, and that leave should be freely given "when justice so requires." To determine whether to grant leave to amend, courts consider the "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Pedeira v. Ky. Baptists Homes for Children, Inc.*, 579 F.3d 722, 729 (6th Cir. 2009). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Although Plaintiffs filed their Complaint in April 2011, fact discovery commenced long after that time and concluded November 1, 2013, two weeks after Plaintiffs filed their motion to amend. *See* ECF No. 49. Moreover, Plaintiffs communicated to Defendants,[1] and the Court, during a Status Conference held on September 20, 2013 that they would seek leave to file an amended complaint. There is nothing to indicate bad faith in the delay, nor that the delay is unduly. Plaintiffs have not repeatedly failed to cure deficiencies by previous amendments.

The lion's share of Plaintiffs' proffered amendments clarify and flesh out the skeletal allegations contained in the original complaint. The additions do not surprise, as many describe events that were discussed in the parties' summary judgment briefing on threshold legal issues.

---

[1] "Defendants" include International; Local; and General Motors, LLC.

(4:11-cv-862)

The Court finds that the proffered amendments arise out of the same "conduct, transaction, or occurrence" as the original claims, permitting them to relate back pursuant to Fed. R. Civ. Pro. 15(c)(1)(B). Therefore, the proffered amendments are not barred on statute of limitations grounds. As to other arguments advanced by Defendants directed towards the futility of the proffered amendments (excluding the fraud claim which is discussed below), these arguments may be presented in their dispositive motions.

Finally, it does not appear that the proffered amendments will unduly prejudice Defendants. Although twenty-seven Plaintiffs have been deposed, they were questioned about events giving rise to the proffered amendments. In the event further discovery is needed, the Court, as described more fully below, will provide for additional time to conduct whatever discovery the parties deem necessary.

**B. Fraud Claim**

Plaintiffs' proffered Amended Complaint includes Proposed Count 3, a state law claim for fraud. ECF No. 59-1 at 12. Fed. R. Civ. Pro. 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud." To meet the particularity requirement, a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100, (6th Cir. 2010) (citing *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). "[A]t a minimum, Rule 9(b) requires that the plaintiff specify the 'who, what, when, where, and how' of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006).

3

(4:11-cv-862)

Plaintiffs' fraud claim fails to comply with the aforesaid requirements. Proposed Count 3 reads,

> The actions and inactions of defendant unions, jointly and severally, . . . in that the unions knowingly and repeatedly made misrepresentations to plaintiffs regarding their pay and benefit status, withheld documents and information from plaintiffs during plaintiffs' appeals, and made misrepresentations to the International Executive Board and the Public Review Board during plaintiffs' appeals to those entities.

ECF No. 59-1 at 21. The claim fails to identify: the speaker; time; place; content; scheme; and intent.

Plaintiffs contend that another section of the proffered Amended Complaint, paragraph 51, sufficiently alleges facts with greater particularity. They also point to paragraph 31 in the proffered Amended Complaint, also in the original Complaint, that alleges all Defendants "colluded to withhold information." ECF No. 64 at 23-24.

The Court is not persuaded by Plaintiffs' arguments. As an initial matter, the Court notes that the general allegations in paragraph 51 are only marginally more specific than those in Count 3. Moreover, the purpose of the particularity requirement of Rule 9(b) is to provide notice to Defendants as to what is alleged, *see Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)— it does not do, therefore, to require a party to forage through a complaint looking for bits and pieces to cobble together to form what could be part of a fraud claim. It is not clear, for example, that the collusion allegation cited by Plaintiffs, in paragraph 31, refers to the acts complained of in the fraud claim. Plaintiffs additionally fail to identify which union committed which alleged acts. They admit in their brief that "most of" the International's alleged fraudulent acts occurred after

4

(4:11-cv-862)

Plaintiffs signed the "Response to Job Offer" forms, ECF No. 64 at 25, but Count 3 does not specify this nor attempt to delineate the alleged fraudulent acts in any way.

The fraud claim also fails to identify what documents were withheld; what proper records were not kept; and what alleged misrepresentations were made to the International Board and the Public Review Board during Plaintiffs' appeals.[2] In sum, Plaintiffs' fraud claim fails to satisfy the pleading requirements of Rule 9(b). It cannot, therefore, withstand a Rule 12(b)(6) motion to dismiss, rendering it futile. Plaintiffs' motion to amend the complaint to add Count 3, the fraud claim, is denied.

Accordingly, Plaintiffs are instructed to file the proffered Amended Complaint, ECF No. 59-1, without Count 3.

## II. Unions' Motion to Vacate Dates

Having granted Plaintiffs' request, in part, to amend the Complaint, the Court grants the unions' motion to vacate the December 10, 2013 dispositive motion cutoff date. ECF No. 65. The parties are instructed to collaborate and file with the Court, no later than December 2, 2013, a jointly agreed to Proposed Discovery and Briefing Schedule.

---

[2] Plaintiffs do not claim that this information is in the exclusive possession of Defendants and that they have not had the opportunity to complete discovery. See *Michaels Bldg. Co. v. Ameritrust Co., NA*, 848 F. 2d 674, 680 (6th Cir. 1988) (relaxing the 9(b) standard when the information the plaintiff seeks is in the defendant's control and the plaintiff has not had an opportunity to discover it).

(4:11-cv-862)

      The motion for a status conference regarding the dispositive motion dates filed by General Motors, ECF No. 66, is hereby denied as moot.

      IT IS SO ORDERED.

| | |
|---|---|
|  November 25, 2013 | *s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | U.S. District Judge |